## DAVE MEARS v. STATE.

163 So. 473.
Opinion Filed October 16, 1935.

*Roach & Hoyl,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Ira A. Hutchison,* Assistant, for the State.

BUFORD, J.—The plaintiff in error, Dave Mears, was convicted of the offense of breaking and entering a building with intent to commit a misdemeanor, to-wit, petit larceny.

We are unable to determine from the record upon what theory the plaintiff in error could have possibly been convicted. There is no evidence in the record connecting the defendant with breaking and entering the building described in the indictment, or any other building.

It is true that a door which he admitted having sold to

another party was at one time in his possession. There is also some evidence that that particular door was stolen at some time from the building alleged to have been broken and entered. Had the plaintiff in error been charged with petit larceny, perhaps the evidence might have been held sufficient to have convicted him upon the theory that one found in possession of recently stolen property and who could make no reasonable explanation of such possession may be convicted by the jury inferring from such fact that he stole the property. But there is no theory of law which authorizes a second presumption of fact to be based upon a presumption, which first presumption is based upon a proven fact. The breaking of the building is not a fact which may be assumed by the jury unless there is some evidence of the breaking having been committed at about the time of the alleged larceny. Therefore, the assumption that the defendant broke and entered the building cannot be indulged from that other assumption that he was the thief even if the evidence was sufficient to support the assumption that he was the thief because there is no evidence that the house was broken into at or about the time the defendant had the door. Aside from this the defendant's possession of the door was reasonably accounted for and was corroborated and not contradicted.

Therefore, the judgment should be reversed.

It is so ordered.

Reversed.

WHITFIELD, C. J., and TERRELL, BROWN and DAVIS, J. J., concur.